IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LIVEPERSON, INC.,                          )
                                           )
            Plaintiff,                     )
                                           )        C. A. No.:  12-147-RGA
            v.                             )
                                           )        **JURY TRIAL DEMANDED**
PRAGMATUS TELECOM, LLC,                    )
                                           )
            Defendant.                     )
                                           )
                                           )

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

LivePerson, Inc. ("LivePerson"), for the Amended Complaint for Declaratory Judgment

against Pragmatus Telecom, LLC ("Pragmatus"), states:

### JURISDICTION AND VENUE

1.      This action arises under the patent laws of the United States, Title 35, United

States Code.

2.      Jurisdiction is predicated upon 28 U.S.C. §§ 1331 and 1338(a).

3.      Upon information and belief, this Court has personal jurisdiction over Pragmatus

because Pragmatus is a corporation organized and existing under the laws of the State of

Delaware.

4.      Venue over this action is proper pursuant to the provisions of 28 U.S.C. §§

1391(b), 1391(c) and 1400.

5.      LivePerson seeks a declaratory judgment under the provisions of 28 U.S.C. §

2201.

## PARTIES

6.      LivePerson is a leading provider of online intelligent engagement products. LivePerson is a publicly traded Delaware Corporation with its corporate headquarters and principal place of business at 462 7th Avenue, 3rd Floor, New York, NY 10018-7832.

7.      On information and belief, Pragmatus is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 601 North King Street, Alexandria, VA 22314.

## PATENTS-IN-SUIT

8.      Pragmatus is the alleged owner of U.S. Patent Nos. 6,311,231 (the "'231 patent"), 6,668,286 (the "'286 patent"), and 7,159,043 (the "'043 patent"), attached as Exhibits A, B, and C, respectively (collectively, the "Pragmatus Patents"). The Pragmatus Patents relate generally to coordinating data and voice communications.

9.      On or about December 12, 2006 Pragmatus filed U.S. Patent Application No. 11/636,904 (the "'904 application") with original claims 1-10. The '904 application is related to the Pragmatus Patents, and original claims 1-10 are substantially similar to the Pragmatus Patents' claims.

10.     The Patent Office rejected claims 1 and 10 in a Non-final Office Action dated December 8, 2010 ("the December 8, 2010 Office Action") under 35 U.S.C. § 112(1) because the claim term "Voice over IP" has no antecedent basis in the specification, therefore failing the written description requirement.

11.     The December 8, 2010 Office Action also rejected all original claims 1-10 under 35 U.S.C. § 103 as being unpatentable over U.S. Patent No. 6,463,149 to Jolissaint et al. ("Jolissaint") in view of U.S. Patent No. 5,696,809 to Voit ("Voit").

12.    In its March 8, 2011 response to the December 8, 2010 Office Action, Pragmatus amended claims 1 and 10 by replacing "IP" with "Internet Protocol (IP)," and argued against the 35 U.S.C. §§ 112 and 103 rejections.

13.    In a March 17, 2011 Final Rejection, the Patent Office maintained the 35 U.S.C. §§ 112 and 103 rejections ("the March 17, 2011 Final Rejection").

14.    In a July 15, 2011 Amendment and Response to the March 17, 2011 Final Rejection ("the July 15, 2011 Amendment"), Pragmatus amended claims 1 and 10 to delete the phrase "voice over Internet Protocol (IP)" and to replace it with "IP based voice communication," and again argued over the 35 U.S.C. §§ 112 and 103 rejections.

15.    The Patent Office mailed an Advisory Action on July 27, 2011 indicating that Pragmatus's July 15, 2011 Amendment failed to place the '904 application in a condition for allowance ("the July 27, 2011 Advisory Action"). While the July 27, 2011 Advisory Action indicated that the removal of "Voice over IP" from the claims overcame the rejection under 35 U.S.C. § 112, the Patent Office maintained the rejections under 35 U.S.C. § 103.

16.    In its November 4, 2011 Amendment and Response to the July 27, 2011 Advisory Action, Pragmatus further amended the claims to add additional limitations, as requested by the Examiner, to attempt to overcome the 35 U.S.C. § 103 rejection. The Patent Office has not yet examined these newly amended claims.

## RELATED FACTS IN SUPPORT OF DECLARATORY JUDGMENT JURISDICTION

17.    On or about November 15, 2011, Pragmatus filed a complaint in the Eastern District of Texas asserting infringement of the '231, '286, and '043 patents by a number of LivePerson's customers based on their use of "LivePerson software." This case is docketed as *Pragmatus Telecom, LLC v. The Neiman-Marcus Group, Inc., et al.*, Case No. 6:11-cv-620-LED.

18.     On or about January 27, 2012, Pragmatus filed a number of additional lawsuits in the District of Delaware asserting infringement of the '231, '286, and '043 patents by additional defendants, including LivePerson's customers Advanced Auto Parts, Inc., Ford Motor Company, Scottrade Financial Services, Inc., and The Estee Lauder Companies, Inc., based on each customer's "live chat and related customer service communication channels."

19.     Based on the foregoing facts, a justiciable controversy has arisen and exists between LivePerson and Pragmatus concerning infringement of the Pragmatus Patents by LivePerson's products, and invalidity of the Pragmatus Patents.

## COUNT I

### DECLARATORY JUDGMENT OF
### NONINFRINGEMENT OF THE '231 PATENT

20.     LivePerson incorporates by reference herein all allegations set forth in ¶¶ 1 - 19 of this Complaint.

21.     LivePerson's products do not infringe any valid claim of the '231 patent.

## COUNT II

### DECLARATORY JUDGMENT OF
### INVALIDITY OF THE '231 PATENT

22.     LivePerson incorporates by reference herein all allegations set forth in ¶¶ 1 - 21 of this Amended Complaint.

23.     On information and belief, the '231 patent is invalid under one or more provisions of Title 35 of U.S. Code §§ 101, 102, 103 and 112. For example, one or more claims of the '231 patent are invalid at least under 35 U.S.C. § 103 based upon at least the following pieces of prior art: Jolissaint and Voit.

24.     In light of these exemplary prior art references, and based on Pragmatus's apparent interpretation of the claims, one or more claims of the '231 patent are invalid under 35 U.S.C. § 103. To the extent that Pragmatus contends that any limitation of the claims of the '231 patent is not expressly taught, suggested, or otherwise made obvious in these or any other exemplary prior art references, LivePerson alleges that it would have been obvious to one of ordinary skill in the art at the time of the alleged invention that led to the '231 patent to arrive at such limitations.

25.     As another example, at least claim 8 is invalid under 35 U.S.C. § 112(1) because the claim term "Voice over IP" has no antecedent basis in the specification, therefore failing the written description requirement.

26.     These examples of bases for a finding of invalidity of the '231 patent are intended to be illustrative and not exhaustive, and LivePerson reserves the right to assert other specific claims of invalidity.

## COUNT III

## DECLARATORY JUDGMENT OF
## NONINFRINGEMENT OF THE '286 PATENT

27.     LivePerson incorporates by reference herein all allegations set forth in ¶¶ 1 - 26 of this Complaint.

28.     LivePerson's products do not infringe any valid claim of the '286 patent.

## COUNT IV

## DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '286 PATENT

29.     LivePerson incorporates by reference herein all allegations set forth in ¶¶ 1 - 28 of this Amended Complaint.

30.     On information and belief, the '286 patent is invalid under one or more provisions of Title 35 of U.S. Code §§ 101, 102, 103 and 112.  For example, one or more claims of the '286 patent are invalid at least under 35 U.S.C. § 103 based upon at least the following pieces of prior art: Jolissaint and Voit.

31.     In light of these exemplary prior art references, and based on Pragmatus's apparent interpretation of the claims, one or more claims of the '286 patent are invalid under 35 U.S.C. § 103.  To the extent that Pragmatus contends that any limitation of the claims of the '286 patent is not expressly taught, suggested, or otherwise made obvious in these or any other exemplary prior art references, LivePerson alleges that it would have been obvious to one of ordinary skill in the art at the time of the alleged invention that led to the '286 patent to arrive at such limitations.

32.     As another example, at least claims 4-5, 10-12 and 25 are invalid under 35 U.S.C. § 112(1) because the claim term "Voice over IP" has no antecedent basis in the specification, therefore failing the written description requirement.

33.     These examples of bases for a finding of invalidity of the '286 patent are intended to be illustrative and not exhaustive, and LivePerson reserves the right to assert other specific claims of invalidity.

## COUNT V

### DECLARATORY JUDGMENT OF
### NONINFRINGEMENT OF THE '043 PATENT

34.     LivePerson incorporates by reference herein all allegations set forth in ¶¶ 1 - 33 of this Complaint.

35.     LivePerson's products do not infringe any valid claim of the '043 patent.

## COUNT VI

## DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '043 PATENT

36.     LivePerson incorporates by reference herein all allegations set forth in ¶¶ 1 - 35 of this Amended Complaint.

37.     On information and belief, the '043 patent is invalid under one or more provisions of Title 35 of U.S. Code §§ 101, 102, 103 and 112. For example, one or more claims of the '043 patent are invalid at least under 35 U.S.C. § 103 based upon at least the following pieces of prior art: Jolissaint and Voit.

38.     In light of these exemplary prior art references, and based on Pragmatus's apparent interpretation of the claims, one or more claims of the '043 patent are invalid under 35 U.S.C. § 103. To the extent that Pragmatus contends that any limitation of the claims of the '043 patent is not expressly taught, suggested, or otherwise made obvious in these or any other exemplary prior art references, LivePerson alleges that it would have been obvious to one of ordinary skill in the art at the time of the alleged invention that led to the '043 patent to arrive at such limitations.

39.     These examples of bases for a finding of invalidity of the '043 patent are intended to be illustrative and not exhaustive, and LivePerson reserves the right to assert other specific claims of invalidity.

WHEREFORE, LivePerson requests the following relief in conjunction with the allegations set forth above in this Amended Complaint:

A.     Entry of an Order of this Court declaring that LivePerson's products do not infringe any of the Pragmatus Patents, and that LivePerson, by its actions neither infringes, induces nor contributes to the infringement of the patent by others;

B.   Entry of an Order of this Court declaring the Pragmatus Patents invalid under one or more provisions of Title 35 U.S. Code, §§ 101, 102, 103 and 112;

C.   Entry of an Order enjoining Pragmatus, its agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns, and parent and subsidiary entities, and any and all persons in act of concert or participation with any of them, from threatening to assert or asserting any of the Pragmatus Patents against LivePerson, its agents, employees, or customers;

D.   Entry of an Order of this Court assessing all costs associated with this action to LivePerson;

E.   Entry of an Order of this Court declaring this case exceptional and awarding LivePerson reasonable attorney fees; and

F.   All other relief, both interim and permanent, as is just and proper.

## DEMAND FOR JURY TRIAL

LivePerson hereby makes a demand for a trial by jury as to all issues in this lawsuit so triable.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Monté T. Squire*
Melanie K. Sharp (No. 2501)
Monté T. Squire (No. 4764)
Rodney Square
1000 North King Street
Wilmington, Delaware  19801
 (302) 571-6681
msharp@ycst.com

Steven M. Bauer
Kimberly A. Mottley
Zachary P. Piccolomini
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600
(617) 526-9600

*Attorneys for Plaintiff LivePerson, Inc.*

Dated:  March 13, 2012