IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIVEPERSON, INC., | ) |
| Plaintiff, | ) C. A. No.: 1:12-cv-147-RGA |
| v. | ) **JURY TRIAL DEMANDED** |
| PRAGMATUS TELECOM, LLC, | ) |
| Defendant. | ) |

**DEFENDANT PRAGMATUS TELECOM, LLC'S
ANSWER TO PLAINTIFF'S LIVEPERSON'S AMENDED COMPLAINT
AND COUNTERCLAIM**

Defendant and Counter-claimant Pragmatus Telecom, LLC ("Pragmatus"), by its undersigned counsel, hereby responds to the Amended Complaint for Declaratory Judgment ("Complaint") of Plaintiff LivePerson, Inc. ("LivePerson"), and sets forth as follows:

### I. ANSWER

#### JURISDICTION AND VENUE

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. This paragraph contains no factual allegations.

#### PARTIES

6. On information and belief, admitted that LivePerson is a publicly traded Delaware corporation having its headquarters at the stated address. Pragmatus has insufficient information to admit or deny the remaining allegations and therefore denies them.

7. Admitted.

## PATENTS-IN-SUIT

8. Admitted that Pragmatus owns the Pragmatus Patents. Denied as to the remaining allegations set forth in this paragraph.

9. Admitted that the '904 application was filed on December 12, 2006 and that it is related to the Pragmatus Patents. Denied as to the remaining allegations set forth in this paragraph.

10. Admitted that the USPTO issued a nonfinal office action dated December 8, 2010. As to the remaining allegations, the December 8, 2010 Office Action speaks for itself. To the extent Plaintiff's paraphrasing the December 8, 2010 Office Action differs in any way, denied.

11. Admitted that the USPTO issued a nonfinal office action dated December 8, 2010. As to the remaining allegations, the December 8, 2010 Office Action speaks for itself. To the extent Plaintiff's paraphrasing of the December 8, 2010 Office Action differs in any way, denied.

12. Admitted that a response was transmitted to the USPTO on March 8, 2011. The March 8, 2011 response speaks for itself. To the extent Plaintiff's paraphrasing of the document differs in any way, denied.

13. Admitted that the USPTO issued a final office action dated March 17, 2011. The March 17, 2011 Final Rejection speaks for itself. To the extent Plaintiff's paraphrasing of the document differs in any way, denied.

14. Admitted that a response was transmitted to the USPTO on or about July 15, 2011. The July 15, 2011 Amendment speaks for itself. To the extent Plaintiff's paraphrasing of the document differs in any way, denied.

15. Admitted that the USPTO issued an advisory action dated July 27, 2011. The July 27, 2011 Advisory Action speaks for itself. To the extent Plaintiff's paraphrasing of the document differs in any way, denied.

16. Admitted that a response was transmitted to the USPTO on or about November 4, 2011. The November 4, 2011 Amendment and Response speaks for itself. To the extent Plaintiff's paraphrasing of the document differs in any way, denied. As to whether the Patent Office has examined amended claims, Pragmatus lacks information sufficient to admit or deny and therefore denies.

RELATED FACTS IN SUPPORT OF DECLARATORY JUDGMENT JURISDICTION

17. Admitted that Pragmatus filed the referenced lawsuit. Denied that the allegations of infringement are based entirely on their use of LivePerson software.

18. Admitted that Pragmatus filed lawsuits against the subject entities. As to whether those companies are LivePerson customers, Pragmatus lacks information sufficient to admit or deny and therefore denies.

19. Admitted.

COUNT I

DECLARATORY JUDGMENT OF
NONINFRINGEMENT OF THE '231 PATENT

20. This paragraph contains no new factual allegations.

21. Denied.

## COUNT II

### DECLARATORY JUDGMENT OF
### INVALIDITY OF THE '231 PATENT

22. This paragraph contains no new factual allegations.

23. Denied.

24. Denied.

25. Denied.

26. This paragraph contains no factual allegations.

## COUNT III

### DECLARATORY JUDGMENT OF
### NONINFRINGEMENT OF THE '286 PATENT

27. This paragraph contains no new factual allegations.

28. Denied.

## COUNT IV

### DECLARATORY JUDGMENT OF
### INVALIDITY OF THE '286 PATENT

29. This paragraph contains no new factual allegations.

30. Denied.

31. Denied.

32. Denied.

33. This paragraph contains no factual allegations.

## COUNT V

### DECLARATORY JUDGMENT OF
### NONINFRINGEMENT OF THE '043 PATENT

34. This paragraph contains no new factual allegations.

35.  Denied.

### COUNT VI

### DECLARATORY JUDGMENT OF
### INVALIDITY OF THE '043 PATENT

36.  This paragraph contains no new factual allegations.

37.  Denied.

38.  Denied.

39.  This paragraph contains no factual allegations.

## II.  COUNTERCLAIM

### PRELIMINARY ALLEGATIONS

1.  This is a patent infringement action to end LivePerson's unauthorized and infringing making, use, sale, offering for sale, and/or importation of systems and methods incorporating Pragmatus's patented inventions.

2.  Pragmatus is owner of all right, title, and interest in and to: United States Patent No. 6,311,231 (the "'231 Patent"), issued on October 30, 2001, for "Method and System for Coordinating Data and Voice Communications via Customer Contact Channel Changing System Using Voice Over IP"; United States Patent No. 6,668,286 (the "'286 Patent"), issued December 23, 2003, for "Method and System for Coordinating Data and Voice Communications via Customer Contract Channel Changing System Using Voice Over IP"; and United States Patent No. 7,159,043 (the "'043 Patent"), issued January 2, 2007, for "Method and System for Coordinating Data and Voice Communications via Customer Contract Channel Changing System" (collectively, the "Patents"). True and correct copies of the Patents are attached hereto as Exhibits 1–3.

3.  At least through the filing of this action, LivePerson has demonstrated knowledge

of each of the Patents.

4. LivePerson uses infringing products and provides infringing services in violation of the Patents. Pragmatus seeks injunctive relief to prevent LivePerson from continuing infringement of Plaintiff's patent rights. Pragmatus further seeks monetary damages and prejudgment interest for LivePerson's past infringement of the Patents.

5. This is an exceptional case, and Pragmatus is entitled to damages, enhanced damages, attorneys' fees, costs, and expenses.

## THE PARTIES

6. Pragmatus is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 601 North King Street, Alexandria, Virginia 22314.

7. On information and belief, LivePerson is a Delaware corporation with its principal place of business at 462 7th Avenue, 3rd Floor, New York, New York 10018-7832.

## JURISDICTION AND VENUE

8. This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284, and 285. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

9. This Court has personal jurisdiction over the LivePerson, and venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c), and 1400.

## PLAINTIFF'S PATENTS

10. The Patents relate to automated call distribution centers. In accordance with aspects of the Patents, one or more servers provides network service to a customer, including a remote help option selectable by the customer (*e.g.*, "click to chat"). Upon selection of the

remote help option, a help request is sent to a call center identifying a way in which the customer can be reached. The customer can then be contacted and the help request handled correctly and efficiently.

11. Pragmatus owns all substantial rights in and to the Patents, including all rights to recover for all past and future infringements thereof.

## LIVEPERSON'S ACTS

12. LivePerson makes, sells, offers for sale, provides, uses, and/or distributes infringing systems. The infringing systems include, for example, LivePerson's live chat and related customer service communication channels.

13. LivePerson makes, sells, offers for sale, uses and distributes LP Chat – Live Chat software. LP Chat enables businesses to have pro-active, intelligent chats with prospects and customers across multiple channels and screens, wherever customers can be found, including websites, social media, and mobile devices.

14. LivePerson makes, sells, offers for sale, uses and distributes LP Voice. LP Voice delivers a seamless connection between its customer's website and the voice channel. LivePerson invites key prospects and important customers to a live phone conversation with your representative. All the visitor has to do is click on and enter a phone number to be immediately connected behind the scenes to the right department or to its customer's agent who has relevant skills.

15. LivePerson provides the LiveEngage platform and applications in the form of software as a service. LivePerson delivers complete, web-hosted solutions for managing and maximizing the value its customer's interactions with visitors. LivePerson performs the purchasing, installing, upgrading, maintaining and securing of the infrastructure.

16.    LivePerson also provides multi-channel solutions to its customers, whereby they have multiple methods for getting the answers they need quickly and easily. All channels are fully integrated, providing seamless escalation when necessary.

17.    LivePerson works with new LivePerson clients to facilitate successful deployment of the LivePerson solution.

18.    With knowledge of the Patents, LivePerson provides related services and instructions for the infringing operation of its systems and methods to its customers.

19.    Through its actions, LivePerson has infringed the Patents and actively and knowingly induced others, including its customers, to infringe and knowingly contributed to the infringement by others of the Patents throughout the United States. LivePerson possessed, and continues to possess, the specific intent to encourage others, including its customers, to infringe the Patents. LivePerson has also contributorily infringed and continues to contributorily infringe the Patents by knowingly making, providing, and/or distributing within the United States infringing systems that constitute a material part of the claimed inventions and are not staple articles of commerce suitable for substantial noninfringing use.

20.    Pragmatus has been and will continue to suffer damages as a result of LivePerson LivePerson's infringing acts unless and until enjoined.

COUNT ONE
PATENT INFRINGEMENT—U.S. PATENT NO. 6,311,231

21.    Pragmatus realleges and incorporates herein paragraphs 1–20.

22.    LivePerson has directly infringed the '231 Patent through its own actions and the actions of its agents and those whom it directs and controls.

23.    LivePerson has indirectly infringed the '231 Patent by inducing the infringement

of the '231 Patent and contributing to the infringement of the '231 Patent.

24. LivePerson's aforementioned acts have caused damage to Pragmatus and will continue to do so unless and until enjoined.

## COUNT TWO
### PATENT INFRINGEMENT—U.S. PATENT NO. 6,668,286

25. Pragmatus realleges and incorporates herein paragraphs 1–20.

26. LivePerson directly infringed the '286 Patent through its own actions and the actions of its agents and those whom it directs and controls.

27. LivePerson has indirectly infringed the '286 Patent by inducing the infringement of the '286 Patent and contributing to the infringement of the '286 Patent.

28. LivePerson's aforementioned acts have caused damage to Pragmatus and will continue to do so unless and until enjoined.

## COUNT THREE
### PATENT INFRINGEMENT—U.S. PATENT NO. 7,159,043

29. Pragmatus realleges and incorporates herein paragraphs 1–20.

30. LivePerson has directly infringed the '043 Patent through its own actions and the actions of its agents and those whom it directs and controls.

31. LivePerson has indirectly infringed the '043 Patent by inducing the infringement of the '043 Patent and contributing to the infringement of the '043 Patent.

32. LivePerson's aforementioned acts have caused damage to Pragmatus and will continue to do so unless and until enjoined.

## JURY DEMAND

33. Pragmatus hereby demands a jury on all issues so triable.

### III. REQUEST FOR RELIEF

WHEREFORE, Pragmatus respectfully requests that the Court:

A. Determine that LivePerson is entitled to no declaratory relief;

B. Enter judgment that LivePerson infringes one or more claims of the Patents, literally and/or under the doctrine of equivalents;

C. Permanently enjoin LivePerson, its agents, servants, and employees, and all those in privity with LivePerson or in active concert and participation with LivePerson, from engaging in acts of infringement of the Patents;

D. Award Pragmatus past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by LivePerson of the Patents in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

E. Declare this case exceptional pursuant to 35 U.S.C. §285; and

F. Award Pragmatus its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated: April 6, 2012

Respectfully submitted,

**FARNAN LLP**

/s/ Brian E. Farnan
Joseph J. Farnan, III (Bar No. 3945)
Brian E. Farnan (Bar No. 4089)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (fax)
bfarnan@farnanlaw.com

-and-

Andrew G. DiNovo (admitted *pro hac vice*)
Adam G. Price (admitted *pro hac vice*)
Chester J. Shiu (admitted *pro hac vice*)
DiNovo Price Ellwanger & Hardy LLP
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
(512) 539-2631
(512) 539-2627 (fax)

*Counsel for Pragmatus Telecom, LLC*